■ CARL LANGER et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 51341.) — Appeal from a judgment, entered February 11, 1972, upon a decision of the Court of Claims. On October 31, 1968 the State, pursuant to section 30 of the Highway Law, appropriated 8,980 square feet of claimant's land in the Town of Islip, together with a permanent easement consisting of 2,195 square feet and a temporary easement of 4,154 square feet. Prior to the appropriation, the parcel contained 44,867 square feet with frontage on Sunrise Highway of 231 feet; on Irish Lane of 188 feet, and on

Islip Boulevard of 210 feet. The property was zoned, in part, Business "I" and, in part, Residential "B". The property was flat at street grade, wooded in part, and improved with a two-story residence with a two-car built-in garage, a gasoline pump and a driveway. The premises were owner-occupied as a residence with one room being used as a dance studio. Gasoline had been pumped on the premises up to 1957, but not thereafter. Two of the other corners at the intersection were improved with gasoline service stations. Claimant's appraiser fixed the highest and best use of the property as a gasoline service station. The State's appraiser determined the highest and best use to be for commercial development under a Business "I" zoning. The court determined the highest and best use of the property to be as a gasoline service station. The record reveals that the existing zoning affecting the premises would not permit the use thereof for gasoline service station purposes, and that such use would require a change of zone to Business "III" and, in addition thereto, the issuance of a special permit by the Town Board. Both appraisers testified that they had researched the municipal record as to zoning changes along Sunrise Avenue and the issuance of permits for gasoline service stations. Claimant's appraiser reported 14 changes to a Business "III" zone between 1965 and 1969, although he conceded that only two of the changes included the issuance of a gasoline station permit. The State's appraiser confined himself to denials and approvals for gasoline service station usage, and concluded that there was no probability of a zoning change permitting gasoline station usage. In his appraisal report, however, he stated that he would "give an added increment for the possibility of the property being utilized in the future as a potential service station site", and apparently assigned .10¢ per square foot for this purpose. In our view, the evidence falls short of establishing a reasonable probability that the zoning might be changed to permit gasoline station usage. At most, the evidence establishes a trend toward rezoning to Business "III", but not necessarily with the issuance of a gasoline station permit. Claimant's appraiser valued the property as though rezoning and issuance of the permit were an accomplished fact, and the court apparently proceeded on a similar basis, although a different value per square foot was adopted without explanation as to how it arrived at this value. There being insufficient evidence in the record to establish that a zoning change permitting the operation of a gasoline service station and a special permit from the Town Board would be granted, the judgment should be reversed. (*Tessier* v. *State of New York,* 36 A D 2d 404; *Dennis* v. *State of New York,* 24 A D 2d 924.) Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Staley, Jr., J. P., Greenblott, Cooke, Main and Reynolds, JJ., concur.